IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JONNIE ANNETTE GOBBELL,　　　　　)
*for the Estate of Rayford Allen Gobbell*,　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　) 　No. 1:12-0134
　　　　　　　　　　　　　　　　　　) 　Chief Judge Haynes
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
WAYNE COUNTY, et al.,　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## MEMORANDUM

Plaintiff, Jonnie Annette Gobbell, for the estate of Rayford Allen Gobble, filed this action under 42 U.S.C. § 1983 against the Defendants: Wayne County, Wayne County Sheriff's Department, Mayor Jason Rich, Sheriff Ric Wilson, Advanced Correctional Healthcare, Dr. Donald Polk, Jennifer Jones, and Lisa Hatch. Plaintiff's claims are that Defendants failed to provide medical treatment to Plaintiff's husband while he was an inmate at the Wayne County Jail in Waynesboro, Tennessee in violation of her late spouse's Eighth and Fourteenth Amendment rights, and that Defendants wrongfully arrested Plaintiff's husband in violation of his Fourteenth Amendment rights.

Before the Court is Defendants Advanced Correctional Healthcare's motion to dismiss for failure to state a claim (Docket Entry No. 29), contending, in sum, that Plaintiff fails to allege facts that Defendant Advanced Correctional Healthcare was involved in the alleged violation of Plaintiff's constitutional rights. Plaintiff has not filed a response.

For the reasons set forth below, the Court concludes that Plaintiff's complaint states plausible claims against Advanced Correctional Healthcare, and Defendant Advanced Correctional Healthcare's motion to dismiss should be denied.

## I. Analysis of the Complaint

According to the complaint (Docket Entry No. 1, p. 6), on September 22, 2011, the deceased Rayford Allen Gobbell, received a citation for reckless driving while leaving the Wayne County Justice Center. Judge James Ross of the Wayne County Justice Center stated in open court that he would "hold" Plaintiff's license for thirty days on October 4, 2011 as a result of Plaintiff's reckless driving citation. Id. Judge Ross, however, did not formally suspend Plaintiff's license Id. After Court, Plaintiff moved his car approximately 300 feet in the Justice Center parking lot. Id. Plaintiff was then approached by a Deputy David Pigg, who arrested him for driving on a suspended license. Id at p. 7. Judge Ross charged Plaintiff and booked him without bond. Id..

Plaintiff was at Wayne County Jail for eleven days. Id. at p. 14. Plaintiff, who is legally disabled under Social Security, suffers chronic and extreme back pain. Id. at p. 9. Despite his disability, Wayne County Jail placed Plaintiff in a holding cell for the first two days of his confinement. Id. A holding cell has a four inch mat on the floor for a prisoner to sleep on instead of a bed. Id. After transferring Plaintiff out of the holding cell, the jail assigned Plaintiff a top bunk, which he was physically unable to access. Id. Plaintiff was also denied the use of a cane for ambulation. Id.

Defendant Lisa Hatch, a physician's assistant employed by Advanced Correctional Heathcare, who is contracted by the Wayne County Jail, denied approval of Plaintiff's receipt of the following prescribed medications: Neurontin, Oxycodone, Xanax, Celibrex, Avinza, and Mobic I. Id., Exhibit 3 at p. 11. Plaintiff had prescriptions for these medications and was currently taking these medications at the time of his incarceration. Id. As a result of the denial of his medication, Plaintiff experienced severe side effects including diarrhea, restlessness, sweating, chills, muscle pain, anxiety, abdominal cramps, insomnia, nausea, and loss of appetite. Id. at p. 10, Exhibit 3 at p. 11-13. On October 7, 2011,

Plaintiff stated that "he felt as though he would pass out and was 'dying.'" Id. at p. 11-2, Exhibit 3 at p. 12-13. Then on October 10, 2011, he complained of arm and back pain. Id. On October 11, 2011, Plaintiff was given an incorrect dose of ibuprofen–eight pills instead of four. Id.

On October 15, 2011, Plaintiff was released from Wayne County Jail. Id., Exhibit 3, p. 20. Several days following his release, Plaintiff experienced cold sweats, pain, fatigue, and hallucinations. Id. at p. 14. On October 18, 2011, Plaintiff was found unconscious by his spouse, who then called 911. Id. at 15. He was transported via ambulance to Wayne County Medical Center, where he was pronounced dead. Id. Plaintiff's cause of death, as stated in the medical examiner's report, was hypertension cardiovascular disease. Id., Exhibit 3, p. 17.

## II. Conclusions of Law

"[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Com'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. (citations and quotation marks omitted).

In Ashcroft v. Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8

3

announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "makes assertion[s]" devoid of "further factual enhancement." Id. at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "show[n]", "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

As the Sixth Circuit stated, "[a] motion under Rule 12(b)(6) is directed solely to a complaint itself . . .." Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971); see also Passa v. City of Columbus, 123 Fed.Appx. 694, 698 (6th Cir. Ohio 2005). Yet, in evaluating a plaintiff's complaint,

4

under Fed. Rule Civ. Proc. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. There are two essential elements to an action under § 1983: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); 42 U.S.C. § 1983.

Plaintiff alleges under 42 U.S.C. § 1983 that Defendant Advanced Correctional Healthcare "is the contracting agency providing inmate healthcare at the Wayne County Jail in Waynesboro, TN" who "as a agent of the county all acted in a negligent manner with deliberate indifference regarding the care and treatment of the Plaintiff, Rayford Allen Gobbell while incarcerated." (Docket Entry No. 1, ¶ 7). For a § 1983 action against a local government or its agent, a plaintiff must allege that the defendant was executing the government's policies or customs. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id.

For a Section 1983 claim, Plaintiff cannot rely on a theory of respondeat superior against Defendant. Polk County v. Dodson, 454 U.S. 312, 325 (1981). The Plaintiff must demonstrate that Advanced Correctional Healthcare or Wayne County, of which Advanced Correctional Healthcare is an agent, had a policy or procedure or condoned, encouraged, or participated in the conduct that allegedly violated Plaintiff's rights. Street v. Corrections Corp. of America, 102 F.3d 810, 817 (6th Cir. 1996); Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted).

Construing the factual allegations in a light most favorable to Plaintiff, as required on this motion, Plaintiff's complaint contains facts suggestive of a policy of this Defendant and a "causal connection" between Defendant Advanced Correctional Healthcare and the alleged injuries during Plaintiff's confinement in the Wayne County Jail between October 3, 2011 to October 15, 2011. Plaintiff alleges that he has a legally determined mental health disability and has numerous medications prescribed for that disability. Prescribed medications are evidence of a serious medical need. Plaintiff alleges that he did not receive medical treatment and began to experience deulsion while in the Wayne County jail. These factual allegations give rise to e reasonable inference that Defendant's nurse's did not provide or allow Plaintiff access to his prescribed medications. Those factual allegations are suggestive of a policy of Advance Correctional Healthcare that evinces its deliberate indifference to a prisoner's serious medical needs. Thus, the Court concludes that Plaintiff states a § 1983 claim against Advanced Correctional Healthcare.

Accordingly, for these reasons, the Court concludes that Defendant Advanced Correctional Healthcare's motion to dismiss (Docket Entry No. 29) should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the _10th_ day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court